**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *et al.*

Plaintiffs,

v.

FEDERAL HOUSING FINANCE AGENCY, *et al.*

Defendants.

Civil Action No. 1:11-cv-01543

**ANSWER**

Defendants Federal Housing Finance Agency ("FHFA") and Acting Director Edward DeMarco (collectively, "Defendants"), by and through undersigned counsel, hereby answer the numbered paragraphs of Plaintiffs' Complaint, as follows:

1. Defendants admit that the Federal National Mortgage Association ("Fannie Mae") is a government-sponsored enterprise that buys and guarantees residential mortgage loans and mortgage-related securities. Defendants further admit that the Plaintiffs in this action are court-appointed lead plaintiffs in *In re Fannie Mae Securities Litigation*, Consol. Civ. No. 1:04-cv-01639 (D.D.C.) (the "Securities Class Action"), currently pending in this Court. Defendants deny the remaining allegations in ¶ 1.

2. Defendants admit that, on June 14, 2011, FHFA adopted a rule entitled "Conservatorship and Receivership," which has been codified at 12 C.F.R. Parts 1229 and 1237 (the "Rule"). Defendants admit that the Rule provides, *inter alia*, that securities fraud claims against Fannie Mae have the same level of priority in receivership as the underlying equity, and

that securities fraud claims against Fannie Mae will not be paid during conservatorship except as the Director determines appropriate. Defendants deny the remaining allegations in ¶ 2.

3. The allegations in ¶ 3 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 3. To the extent an answer is required, Defendants deny the allegations in ¶ 3.

4. The allegations in ¶ 4 constitute plaintiffs' description of the relief they seek, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 4. To the extent an answer is required, Defendants deny the allegations in ¶ 4 and deny that plaintiffs are entitled to any relief whatsoever.

5. Defendants admit that Ohio Public Employees Retirement System ("OPERS") is a public pension fund based in Columbus, Ohio. Defendants are without sufficient information to either admit or deny the remaining allegations in ¶ 5.

6. Defendants admit that State Teachers Retirement System of Ohio is a public pension fund based in Columbus, Ohio. Defendants are without sufficient information to either admit or deny the remaining allegations in ¶ 6.

7. Admitted.

8. Defendants admit that Edward DeMarco is currently Acting Director of FHFA, and that he was designated Acting Director by President Obama on August 25, 2009, effective September 1, 2009, and has served in that capacity since then. Defendants deny the remaining allegations in ¶ 8.

9. The allegations in ¶ 9 constitute plaintiffs' averment of jurisdiction, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 9. To the extent an answer may be deemed required, Defendants deny the allegations in ¶ 9.

10. The allegations in ¶ 10 constitute plaintiffs' averment of jurisdiction, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 10. To the extent an answer may be deemed required, Defendants deny the allegations in ¶ 10.

11. The allegations in ¶ 11 constitute plaintiffs' averment of venue, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 11. To the extent an answer may be deemed required, Defendants deny the allegations in ¶ 11.

12. Defendants admit that Plaintiffs are Ohio state pension funds that have been appointed lead plaintiffs in the Securities Class Action. Defendants admit the Securities Class Action was filed in 2004 and that the Court has certified a class in the Securities Class Action consisting of certain Fannie Mae investors from April 2001 through December 2004. Defendants are without sufficient information to either admit or deny the remaining allegations in ¶ 12.

13. The allegations in ¶ 13 constitute plaintiffs' characterization of their claims in the Securities Class Action, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 13. To the extent an answer may be deemed required, Defendants deny the allegations in ¶ 13.

14. Admitted.

15. Defendants admit that Fannie Mae tied executive compensation in part on achievement of annual and long-term performance goals, and that a portion of compensation paid to executive officers was in the form of Fannie Mae stocks and stock options. Defendants otherwise deny the remaining allegations in ¶ 15.

16. Defendants admit that Fannie Mae issued restated financial results in December 2006, which restatement speaks for itself. The remaining allegations in ¶ 16 constitute legal

conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 16. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 16.

17. Defendants admit that Fannie Mae issued restated financial results in December 2006, and that the restatement details allegations that certain accounting policies did not conform to generally accepted accounting principles and that internal controls suffered from certain weaknesses. Defendants admit that the restatement reflected a decrease in total earnings compared to prior financial statements. The remaining allegations in ¶ 17 constitute legal conclusions, to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 17. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 17.

18. Defendants admit that the Department of Justice, the Securities and Exchange Commission ("SEC"), and the Office of Federal Housing Enterprise Oversight ("OFHEO") conducted investigations into the conduct Plaintiffs allege. The remaining allegations in ¶ 18 constitute legal conclusions, to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 18. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 18.

19. Defendants admit that OFHEO and SEC released reports containing conclusions regarding their investigations, which reports speak for themselves. Defendants admit that Fannie Mae's CEO and CFO left the company after those reports were released. Defendants deny the remaining allegations in ¶ 19.

20. Defendants admit that OFHEO produced a final report in May 2006, which report speaks for itself.

21. Defendants admit that Fannie Mae issued restated financial results in December 2006, which restatement speaks for itself. Defendants deny the remaining allegations in ¶ 21.

22. Defendants admit that the SEC filed a securities fraud lawsuit against Fannie Mae, the allegations of which lawsuit speak for themselves. Defendants admit that the SEC and Fannie Mae settled that lawsuit. The terms of that settlement speak for themselves. Defendants admit that Fannie Mae and certain officers also settled claims with OFHEO. The terms of those settlements speak for themselves. Defendants deny the remaining allegations in ¶ 22.

23. Defendants admit that Fannie Mae's Board of Directors commissioned former Senator Warren B. Rudman to head an independent investigation of OFHEO's findings. Defendants admit that Senator Rudman released a report concerning his investigation in February 2006, which report speaks for itself. Defendants deny the remaining allegations in ¶ 23.

24. Defendants admit that Fannie Mae's stock price dropped during the time period alleged. The remaining allegations in ¶ 24 constitute legal conclusions to which no answer is required, and on that basis, Defendants neither admit nor deny the remaining allegations in ¶ 24. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 24.

25. Defendants admit that Plaintiffs filed a lawsuit in the U.S. District Court for the Southern District of Ohio that was subsequently consolidated in the Securities Class Action in this Court. Defendants admit that Plaintiffs have filed several amended complaints in the Securities Class Action. Defendants admit that in the Securities Class Action millions of pages of documents have been produced, that numerous fact and expert depositions have been taken, and that summary judgment motions have been filed and are currently being briefed. The remaining allegations in ¶ 25 constitute legal conclusions to which no answer is required, and on

that basis, Defendants neither admit nor deny the remaining allegations in ¶ 25. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 25.

26. Defendants admit that in the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, Congress created FHFA as successor agency to OFHEO and charged it with supervision of Fannie Mae, Freddie Mac, and the Federal Home Loan Banks. Defendants admit that Congress directed FHFA to promote the safety and soundness of the institutions, support housing finance and affordable housing, and support a stable and liquid mortgage market, among other duties and powers. The remaining allegations in ¶ 26 constitute legal conclusions to which no answer is required, and on that basis, Defendants neither admit nor deny the remaining allegations in ¶ 26. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 26.

27. The allegations in ¶ 27 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 27. To the extent an answer is required, Defendants deny the allegations in ¶ 27.

28. Defendants admit that, beginning on the effective date of HERA, James Lockhart, who was then serving as OFHEO's Director with Senate confirmation, acted for all purposes as, and with the full powers of, the Director of FHFA pursuant to 12 U.S.C. §4512(b)(5).

29. Defendants admit the allegations in ¶ 29 except deny that Mr. Lockhart has never been confirmed by the Senate.

30. The allegations in ¶ 30 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 30. To the extent an answer is required, Defendants deny the allegations in ¶ 30.

31. The allegations in ¶ 31 constitute a quotation from a statute, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 31. To the extent an answer is required, Defendants deny the allegations in ¶ 31.

32. The allegations in ¶ 32 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 32. To the extent an answer is required, Defendants deny the allegations in ¶ 32.

33. The allegations in ¶ 33 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 33. To the extent an answer is required, Defendants deny the allegations in ¶ 33.

34. Defendants admit that, pursuant to his authority under HERA, the Director of FHFA placed Fannie Mae and Freddie Mac in conservatorship on September 6, 2008, and that both entities remain in conservatorship to this date.

35. The allegations in ¶ 35 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 35. To the extent an answer is required, Defendants deny the allegations in ¶ 35.

36. Defendants admit that OFHEO is FHFA's predecessor agency and that OFHEO entered into settlements with Fannie Mae and certain of its senior officers, the terms of which settlements speak for themselves. Defendants deny the remaining allegations in ¶ 36.

37. Defendants admit that FHFA published the Proposed Rule on July 9, 2010, at 75 Fed. Reg. 39,462. Defendants admit that the Proposed Rule provided, *inter alia*, that securities fraud claims against Fannie Mae have the same level of priority in receivership as the underlying equity, and that securities fraud claims against Fannie Mae would not be paid during conservatorship except as the Director determines appropriate. The remaining allegations in ¶ 37

constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 37. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 37.

38. Defendants admit that FHFA received written comments regarding the Proposed Rule from Plaintiffs, certain Members of Congress, certain labor organizations, and other interested parties. Defendants deny the remaining allegations in ¶ 38.

39. Defendants admit that FHFA adopted the Rule on June 14, 2011, that it was published on June 20, 2011 at 76 Fed. Reg. 35,724, and that it took effect on July 20, 2011. Defendants admit that the Rule provides, *inter alia*, that securities fraud claims against Fannie Mae have the same level of priority in receivership as the underlying equity, and that securities fraud claims against Fannie Mae will not be paid during conservatorship except as the Director determines appropriate. Defendants deny the remaining allegations in ¶ 39.

40. Defendants admit that the President designated Mr. DeMarco as Acting Director effective September 1, 2009, that Mr. DeMarco authorized and signed the Rule in June 2011, and that Mr. DeMarco has not been confirmed by the Senate. The remaining allegations in ¶ 40 constitute legal conclusions to which no answer is required, and on that basis, Defendants neither admit nor deny the remaining allegations in ¶ 40. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 40.

41. The allegations in ¶ 41 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 41. To the extent an answer is required, Defendants deny the allegations in ¶ 41.

42. The allegations in ¶ 42 constitute a quotation from a regulation, as to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 42. To the extent an answer may be deemed required, Defendants deny the allegations in ¶ 42.

43. The allegations in ¶ 43 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 43. To the extent an answer is required, Defendants deny the allegations in ¶ 43.

44. The allegations in ¶ 44 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 44. To the extent an answer is required, Defendants deny the allegations in ¶ 44.

45. The allegations in ¶ 45 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 45. To the extent an answer is required, Defendants deny the allegations in ¶ 45.

46. The allegations in ¶ 46 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 46. To the extent an answer is required, Defendants deny the allegations in ¶ 46.

47. The allegations in ¶ 47 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 47. To the extent an answer is required, Defendants deny the allegations in ¶ 47.

48. The allegations in ¶ 48 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 48. To the extent an answer is required, Defendants deny the allegations in ¶ 48.

49. Defendants admit that Acting Director DeMarco has not been confirmed by the Senate. The remaining allegations in ¶ 49 constitute legal conclusions to which no answer is

required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 49. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 49.

50. The allegations in ¶ 50 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 50. To the extent an answer is required, Defendants deny the allegations in ¶ 50.

51. The allegations in ¶ 51 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 51. To the extent an answer is required, Defendants deny the allegations in ¶ 51.

52. The allegations in ¶ 52 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 52. To the extent an answer is required, Defendants deny the allegations in ¶ 52.

53. The allegations in ¶ 53 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 53. To the extent an answer is required, Defendants deny the allegations in ¶ 53.

54. The allegations in ¶ 54 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 54. To the extent an answer is required, Defendants deny the allegations in ¶ 54.

55. The allegations in ¶ 55 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 55. To the extent an answer is required, Defendants deny the allegations in ¶ 55.

56. The allegations in ¶ 56 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 56. To the extent an answer is required, Defendants deny the allegations in ¶ 56.

57. The allegations in ¶ 57 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 57. To the extent an answer is required, Defendants deny the allegations in ¶ 57.

58. The allegations in ¶ 58 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 58. To the extent an answer is required, Defendants deny the allegations in ¶ 58.

59. The allegations in ¶ 59 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 59. To the extent an answer is required, Defendants deny the allegations in ¶ 59.

60. The allegations in ¶ 60 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 60. To the extent an answer is required, Defendants deny the allegations in ¶ 60.

61. The allegations in ¶ 61 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 61. To the extent an answer is required, Defendants deny the allegations in ¶ 61.

62. The allegations in ¶ 62 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 62. To the extent an answer is required, Defendants deny the allegations in ¶ 62.

63. The allegations in ¶ 63 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 63. To the extent an answer is required, Defendants deny the allegations in ¶ 63.

64. The allegations in ¶ 64 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 64. To the extent an answer is required, Defendants deny the allegations in ¶ 64.

65. The allegations in ¶ 65 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 65.

66. Defendants admit that the Acting Director of FHFA has not authorized Fannie Mae to make any payment on Plaintiffs' alleged claims against Fannie Mae. The remaining allegations in ¶ 66 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 66. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 66.

67. Defendants admit that if Fannie Mae is placed in receivership, it is very likely that the entity's assets will not be sufficient to pay all claims, and that subordination of securities litigation claims as effected by the Rule will affect Plaintiffs' ability to recover on their alleged claims against Fannie Mae. The remaining allegations in ¶ 67 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 67. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 67.

68. The allegations in ¶ 68 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 68. To the extent an answer is required, Defendants deny the allegations in ¶ 68.

69. The allegations in ¶ 69 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 69. To the extent an answer is required, Defendants deny the allegations in ¶ 69.

70. The allegations in ¶ 70 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 70. To the extent an answer is required, Defendants deny the allegations in ¶ 70.

71. Defendants admit that the Rule currently precludes Fannie Mae from paying Plaintiffs' alleged securities litigation claims in settlement or otherwise. The remaining allegations in ¶ 71 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the remaining allegations in ¶ 71. To the extent an answer is required, Defendants deny the remaining allegations in ¶ 71.

**CLAIMS FOR RELIEF**

**COUNT I**

**DECLARATORY AND INJUNCTIVE RELIEF--VIOLATIONS OF APPOINTMENTS CLAUSE AND STATUTORY APPOINTMENT PROVISION**

72. Defendants reassert and incorporate herein by reference their answers contained in paragraphs 1-71 above, as though fully set forth herein.

73. The allegations in ¶ 73 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 73. To the extent an answer is required, Defendants deny the allegations in ¶ 73.

74. The allegations in ¶ 74 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 74. To the extent an answer is required, Defendants deny the allegations in ¶ 74.

75. The allegations in ¶ 75 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 75. To the extent an answer is required, Defendants deny the allegations in ¶ 75.

**COUNT II**

**DECLARATORY AND INJUNCTIVE RELIEF--INVALIDITY OF SUBORDINATION PROVISION**

76. Defendants reassert and incorporate herein by reference their answers contained in paragraphs 1-75 above, as though fully set forth herein.

77. The allegations in ¶ 77 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 77. To the extent an answer is required, Defendants deny the allegations in ¶ 77.

78. The allegations in ¶ 78 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 78. To the extent an answer is required, Defendants deny the allegations in ¶ 78.

79. The allegations in ¶ 79 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 79. To the extent an answer is required, Defendants deny the allegations in ¶ 79.

**COUNT III**

**DECLARATORY AND INJUNCTIVE RELIEF--INVALIDITY OF NON-PAYMENT PROVISIONS**

80. Defendants reassert and incorporate herein by reference their answers contained in paragraphs 1-79 above, as though fully set forth herein.

81. The allegations in ¶ 81 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 81. To the extent an answer is required, Defendants deny the allegations in ¶ 81.

82. The allegations in ¶ 82 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 82. To the extent an answer is required, Defendants deny the allegations in ¶ 82.

83. The allegations in ¶ 83 constitute legal conclusions to which no answer is required, and on that basis Defendants neither admit nor deny the allegations in ¶ 83. To the extent an answer is required, Defendants deny the allegations in ¶ 83.

The remaining paragraph of the Complaint contains Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraph of the Complaint and further aver that Plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

**DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants respectfully request that the relief prayed for in the Complaint be denied, and that the Complaint be dismissed with prejudice.

Dated: October 5, 2011

Respectfully submitted,

/s/ Howard N. Cayne
Howard N. Cayne (D.C. Bar No. 331306)
Asim Varma (D.C. Bar No. 426364)
Robert J. Katerberg (D.C. Bar No. 466325)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999

Of Counsel:

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, N.W.
Washington, DC 20552
Phone: (202) 414-3800
Fax: (202) 414-6504

Attorneys for the Federal Housing Finance Agency