UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *et al.*<br><br>                    Plaintiffs,<br><br>         v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*<br><br>                    Defendants. | Civil Action No. 1:11-cv-01543 (RJL) |

### RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Response to Defendants' Notice of Supplemental Authority (Dkt. No. 34), which invokes *Federal Housing Finance Agency v. UBS Americas, Inc.*, — F. Supp. 2d — , 2012 WL 1570856 (S.D.N.Y. May 4, 2012). Although Defendants describe the decision as rejecting an Appointments Clause challenge, *UBS Americas* does not address the main Appointments Clause argument in this case: that an inferior officer may serve in a principal officer's role without becoming a principal officer—subject to the requirements of presidential appointment and Senate confirmation—only under special circumstances for a limited time, and that Mr. DeMarco's more-than-two year tenure is well beyond the constitutionally permissible boundary. *See* Pls. Mem. 13-22 (Dkt. No. 20); Pls. Reply 3-14 (Dkt. No. 23). *UBS Americas* instead addresses only the argument that Mr. DeMarco was not properly appointed because his predecessor, Mr. Lockhart, was installed as FHFA's head *by Congress* when it abolished OFHEO and created FHFA. *See* Pls. Mem. 23; Pls. Reply 14-15. Even on that issue, the decision acknowledges that it is potentially inconsistent with a decision from this district, *Olympic Federal Savings & Loan Ass'n v. Director, Office of Thrift Supervision*, 732 F. Supp. 1183 (D.D.C.

1990), *appeal dismissed as moot*, 903 F.2d 837 (D.C. Cir. 1990), stating that it "respectfully disagrees with" *Olympic Federal* to the extent of any inconsistency. 2012 WL 1570856, at *11 n.12. Finally, while the decision in *UBS Americas* holds that Mr. DeMarco's predecessor, Mr. Lockhart, was properly appointed largely because his new powers at FHFA were "germane" to his former position at OFHEO, *id.* at *11, it ignored a critical limiting principle: Even if new duties are germane to an existing office, a proper presidential appointment and Senate confirmation are required when the additional duties of the new position are considerable. *See* Pls. Reply 14-15. *UBS Americas* thus never evaluated the expansive new powers and responsibilities Congress gave Mr. Lockhart (including the transfer of authority over Federal Home Loan Banks to him from the Federal Home Loan Bank Board) at his new position at FHFA.

Dated: May 14, 2012

Respectfully submitted,

MICHAEL DeWINE
OHIO ATTORNEY GENERAL

/s/ Jeffrey A. Lamken

| | |
|---|---|
| Joseph T. Deters (admitted *pro hac vice*) | Jeffrey A. Lamken (D.C. Bar # 440547) |
| W.B. Markovits (admitted *pro hac vice*) | Robert K. Kry (D.C. Bar # 490545) |
| WAITE, SCHNEIDER, BAYLESS & | MOLO LAMKEN LLP |
|   CHESLEY CO., L.P.A. | The Watergate, Suite 660 |
| One West Fourth Street | 600 New Hampshire Avenue, N.W. |
| Cincinnati, Ohio 45202 | Washington, D.C. 20037 |
| (513) 621-0267 (telephone) | (202) 556-2000 (telephone) |
| (513) 621-0262 (facsimile) | (202) 556-2001 (facsimile) |

*Attorneys for Plaintiffs Ohio Public Employees Retirement System, et al.*